THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MISSION HEALTHCARE SERVICES and UNIFIED HEALTH SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>RENEW HOME HEALTH, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [17] PLAINTIFFS' MOTION TO REMAND**<br><br>Case No. 2:22-cv-205<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

    This case is before the court on Plaintiff's motion to remand to state court.[1] Defendants have filed a response stating that they do not oppose the motion.[2] For the reasons that follow, Plaintiff's motion is GRANTED.

## BACKGROUND

    Plaintiffs commenced this action in Utah's Third Judicial District Court on February 25, 2022,[3] asserting contract related claims under state law and trade secret misappropriation claims under state and federal law.[4] On March 24, 2022, Defendants removed the case to this court based on federal question jurisdiction under 28 U.S.C. § 1331.[5] They filed a motion to dismiss

---

[1] ECF No. 17.

[2] ECF No.

[3] ECF No. 2 at 2.

[4] *See generally* ECF No. 6-1.

[5] ECF No. 2 at 2.

under Federal Rules of Civil Procedure 8 and 12(b)(6) a week later.[6]

On April 25, 2022, Plaintiffs filed an amended complaint,[7] dropping their trade secret misappropriation claim under federal law, and moved to remand this case to state court because only state law claims remain.[8] Defendants filed a response on May 6, 2022, stating that they do not oppose the motion to remand.[9]

## STANDARD

Under 28 U.S.C. § 1441, defendants may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The case can subsequently be remanded to state court under 28 U.S.C. § 1447(c) based on a motion filed within 30 days of its removal or at any time if it appears subject matter jurisdiction is lacking.

## DISCUSSION

As an initial matter, the court notes that Plaintiffs did not amend their complaint in time to do so as a matter of course under Federal Rule of Civil Procedure 15(a)(1), and they did not seek leave, or submit evidence of Defendants' written consent, to do so pursuant to Rule 15(a)(2). However, Defendants have not objected to Plaintiffs' filing an amended complaint, and their non-opposition to the motion to remand based thereon can be considered tacit written consent to the amendment itself. In any event, the court accepts the amended complaint as the operative complaint in this case pursuant to its authority to allow such amendments.

---

[6] ECF No. 11.

[7] ECF No. 16.

[8] ECF No. 17. Although Plaintiffs' motion to remand was filed more than 30 calendar days after Defendants' notice of removal, it was timely pursuant to Federal Rule of Civil Procedure 6(a)(1)(c) because the deadline for filing the motion fell on a Saturday.

[9] ECF No. 18.

Although Plaintiffs' amended complaint eliminated the jurisdictional basis for removal in this case—Plaintiffs' federal misappropriation of trade secrets claim—that does not mean the court automatically loses jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367, a federal court may exercise supplemental jurisdiction over any state law claim that is "part of the same case or controversy" over the claims within its original jurisdiction. And the court retains jurisdiction over such state law claims, even if all claims within its original jurisdiction are dismissed or dropped, unless it declines to do so.[10]

Because there are no claims remaining here over which the court has original jurisdiction, and neither party wishes the case to remain in federal court, the court agrees that remand to the Utah Third Judicial District Court is both proper and desirable.[11] Accordingly, the case will be remanded, and Defendants' pending motion to dismiss is moot.

## ORDER

For the reasons stated herein, Plaintiffs' motion to remand is GRANTED. IT IS HEREBY ORDERED that this case be remanded to the Utah Third Judicial District Court. Defendants' pending motion to dismiss is administratively denied.

Signed May 31, 2022.

BY THE COURT

David Barlow
United States District Judge

---

[10] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise . . . jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

[11] *See* 28 U.S.C. § 1367(c)(3).